IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TAJI GLASS, <br> JOHN DOES AND JANE DOES, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | 8:04CV199 |
| vs. | ) <br> ) | ORDER |
| RENT A CENTER, | ) <br> ) | |
| Defendant. | ) | |

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over claims of confidentiality, provide adequate protection for material deemed confidential, and insure that protection is afforded only to such deemed material, on the joint motion and stipulation of the parties (Filing No. 74) pursuant to Rule 26(c), Federal Rules of Civil Procedure, and for good cause shown, the joint motion for stipulated protective order, filed the 27th day of April, 2005, is sustained.

**IT IS ORDERED THAT:**

**1.    Purpose of Order.**  The purpose of this Order is to prevent the disclosure of matters deemed confidential under the terms of this Order to persons or entities other than those involved in the prosecution or defense of this and related litigation, as defined herein, and to facilitate the exchange of information between the parties. The Order is necessary to protect both the parties and other persons from annoyance and embarrassment. Discovery in this case will likely seek private information from both parties and nonparties, including, but not limited to, tax information and other private documents regarding defendant's and plaintiff's income, confidential business information concerning the business of defendant, information concerning plaintiff's medical history, and personnel files of defendant's employees, possibly including former employees. The privacy interests in such information substantially outweigh the public's right of access to judicial records. Good cause exists for the issuance of a protective order under Federal

Rule of Civil Procedure 26(c), including the fact that the majority of persons associated with this matter reside or work in a relatively small group of communities which are geographically close; and if the confidential information were known in the general community, such knowledge could lead to embarrassment, humiliation, loss of status and reputation, and could potentially impact upon certain persons' personal and/or work relationships.

  **2.** **Confidential Information.**  The parties have agreed that certain documents and information, if produced or disclosed during this litigation, should be treated as confidential.  As used in this Order, the term "Confidential Information" shall be applicable to plaintiff's medical, financial and/or tax records, as well as any trade secret, confidential documents regarding procedures and training, documents concerning income, net worth and income tax returns, compensation data, or employee personnel information relating to defendant, including, but not limited to defendant's personnel records of persons other than plaintiff.  All of the foregoing information, as well as any documents, designated portions of deposition testimony, responses to interrogatories, requests for admissions, or requests for production of documents concerning the above-described Confidential Information may be designated as "Confidential."

  **3.** **Designating documents and information as confidential.**  Any party to this action may designate as "Confidential Information" documents, responses to interrogatories, requests for admissions, or requests for production of documents produced after entry of this Order by stamping or labeling the documents or responses with the word "Confidential" or the words "Subject to Protective Order."  Documents or responses shall not be treated as confidential pursuant to this Order unless they are stamped or labeled as "Confidential" or "Subject to Protective Order."  The inadvertent failure to designate material as "Confidential" or "Subject to Protective Order" does not preclude a party from subsequently making such a designation, and, in that case, the material is treated as confidential only after being properly designated.  Unless otherwise ordered by the Court or stipulated by the parties, only documents, responses to interrogatories, requests for admissions, requests for production of documents, or testimony relating to the subjects

enumerated in paragraph 1 may be designated as Confidential Information. The parties and their counsel shall not photocopy any documents which fall under this Order unless such photocopies are needed as part of this These Actions.

**4.     Designating deposition testimony as confidential.**  Any party to and deponent in this action may designate deposition testimony relating to the subjects enumerated in paragraph 1 above as "Confidential Information" by advising counsel of record by letter within seven days after receipt of a copy of the transcript, or such other time period as may be mutually agreed upon by the parties. All deposition testimony shall be deemed confidential for a period of seven days after counsel's receipt of a copy of the transcript, or such other time period as may be mutually agreed upon by the parties. Alternatively, any party may, on the record at the deposition, designate deposition testimony as Confidential by advising all persons present at the deposition that the information is confidential and subject to this Order. If no party or deponent timely designates Confidential Information in a deposition, then none of the transcript or its exhibits (other than those previously designated) will be treated as confidential. There shall be no need to re-designate documents or exhibits which have been previously designated as confidential.

**5.     Limited Disclosure of Confidential Information.**  Any documents, designated portions of deposition testimony, responses to interrogatories, requests for admissions, or requests for production of documents which are marked as "Confidential" or "Subject to Protective Order" are to be treated as such by the party receiving the discovery and shall be utilized by such party only for the prosecution or defense of this case and/or *Mensah v. Rent-A-Center, Inc.*, Case No. 8:03CV80 (collectively referred to herein as "These Actions"). Except upon further Order of this Court or by express written consent of counsel for the parties, Confidential Information furnished in These Actions by any of the parties shall not be disclosed to any person other than:

   a.     Parties and counsel for the parties in These Actions who are actively engaged in the conduct of this litigation or arbitration; and the partners, associates, secretaries, legal assistants, and employees or agents of such counsel, to the

extent reasonably necessary to render professional services to the litigation/arbitration;

  b. Persons who are expressly retained by counsel to assist in the preparation of These Actions for trial or arbitration, such as independent accountants, statisticians, or economists or other experts, and the staff working under the direct supervision of such person retained to assist in the preparation of These Actions for trial or arbitration;

  c. Persons with prior knowledge of the documents or the Confidential Information contained therein;

  d. Witnesses whose depositions are being taken or who are being questioned at trial or arbitration;

  e. Court personnel, including court reporters, persons operating video recording equipment at depositions, and any special master or mediator appointed by the Court;

  f. Any independent document reproduction services or document recording and retrieval services; and

  g. Such other persons who may be specifically designated and qualified to receive Confidential Information pursuant to Court Order.

  **6.** **Certification to abide by Protective Order.**  Before disclosing Confidential Information to those persons specified in paragraph 4(b) hereof, counsel shall first give a copy of this Protective Order to such persons who shall read this Protective Order and be fully familiar with the provisions hereof and agree to abide thereby, by signing a copy of the certification attached to the joint motion for stipulated protective order (Doc. #24), and incorporated herein by reference.  Upon the request of a party; the other party shall provide copies of all such signed certifications received up to that date.

  **7.** **Agreement of Witnesses.**  With respect to those persons specified in paragraph 4(d) (who do not fall into the other subsections of paragraph 4), if the non-designating party marks Confidential Information for disclosure to a witness in the course of a deposition or at trial or arbitration and the designating party believes that witness

should not see the Confidential Information without being subject to this Order, counsel for the designating party shall inform the witness that s/he is subject to this Order and provide the witness with a copy of this Order.

**8.     Disputes Concerning Designation(s) of Confidential Information.** In the event that any party to These Actions disagrees at any stage of the proceedings with the designation of information as confidential, the party shall first try to resolve the matter on an informal basis. If the dispute cannot be resolved informally, the party opposing the confidentiality of the information may apply for appropriate relief from this Court.

**9.     Use of Confidential Information.** Confidential Information shall be used only in connection with These Actions and any appeals arising therefrom. No information produced in discovery in These Actions, including but not limited to Confidential Information, shall be used for any purpose other than in connection with These Actions and any appeals arising therefrom. No Confidential Information shall be disclosed to any other person, party, entity, agency, print or electronic media, or any one outside this proceeding for any purpose. The parties and their counsel shall exercise reasonable care not to disclose information contained in these confidential documents by placing them in the public record in These Actions. If a party wishes to use any confidential information in any affidavit, brief, memorandum, oral argument, or other paper filed in this Court in this case, such paper or transcript may be filed under seal only upon separate, specific motion and later order of the Court. The parties and their counsel, however, have the right to use any such information contained in these documents, or the documents themselves, in the trial or arbitration of These Actions. The parties do not waive any right to object at trial or arbitration to the admissibility of any document, which falls under the scope of this Order, or portion thereof, or the right to file a motion in limine regarding the use of any such documents.

**10.    Maintaining Confidentiality.** The recipient of any Confidential Information provided pursuant to this Order shall maintain such Confidential Information in a secure and safe area. The recipient shall take care that any such information or the substance

of content of such information, or notes and memoranda relating thereto, not be disclosed to anyone other than qualified persons.

**11.     Subject to Court's Jurisdiction.**  Each person to whom disclosure of all or part of the aforesaid Confidential Information is made agrees to subject himself/herself to the jurisdiction of this Court for the purpose of proceedings relating to the performance under, compliance with, or violation of this Protective Order.

**12.     Confidential Information at Trial or Arbitration.**  Subject to the Federal Rules of Evidence and Rules or Orders of this Court, Confidential Information may be offered in evidence at trial, arbitration or any hearing, provided that the proponent of the evidence has indicated on his or its Court ordered Exhibit List any proposed exhibits that are designated as Confidential Information. Any party may move the Court for an order that the Confidential Information be received in camera or under such other conditions as are necessary to prevent disclosure.  The Court will then determine whether the proffered evidence should continue to be treated as Confidential Information and, if so, what protection may be afforded such information at the trial or arbitration.  The designating party may, at its option, choose to remove the designation "Confidential" or "Subject to Protective Order" prior to publication to the trier of fact. If the designating party so chooses, it will be responsible for reasonable costs associated with redacting such designation.

**13.     Return of Confidential Information.**  Upon the final determination of These Actions, including the expiration of time for any further appeals, whether by judgment, settlement, or otherwise:

> a.     Counsel of record for each party receiving Confidential Information shall, upon written request within sixty days, return to the designating party all such documents containing Confidential Information and all notes, memoranda, copies, abstracts, excerpts, or other parts within sixty days;
>
> b.     All persons, other than counsel or parties, who received any Confidential Information, shall return to the producing party all copies of

Confidential Information that are in the possession of such person(s), together with all notes, copies, abstracts, excerpts, memoranda, or other parts;

      c.    Counsel of record for each party shall confirm in writing that all Confidential Information, documents and things together with all notes, copies, abstracts, memoranda, excerpts, or other parts have been returned to the producing party or destroyed in accordance with the terms of paragraphs 13a and 13b above.

**14.**    **No Admission.**  Nothing in this Order shall be construed as an admission as to the relevance, authenticity, foundation or admissibility of any document, material, transcript, or other information.

Dated this 27th day of April, 2005.

                                              BY THE COURT:

                                          s/ Thomas D. Thalken
                                          United States Magistrate Judge