IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| FRANK MENSAH, | ) | |
| | ) | 8:03CV80 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| RENT A CENTER, | ) | |
| | ) | 8:04CV199 |
| Defendant. | ) | |
| _____ | ) | |
| TAJI GLASS, JOHN DOES AND JANE DOES, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| RENT A CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

Before the court is defendant's Motion for Partial Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c) (filing no. 53). The court, having considered the motion, the plaintiffs' response, the defendant's reply, and the relevant materials and law, now determines that the defendant's Motion for Partial Judgment on the Pleadings should be granted.

Background

Plaintiff, Taji Glass ("Glass") worked for the defendant, Rent A Center ("RAC")[1] until he was terminated in March 2002. Following his termination, Glass filed a discrimination charge with the Nebraska Equal Opportunity Commission ("NEOC") and obtained a right

---

[1] Rent A Center is a corporation doing business in Omaha, Nebraska. *See* plaintiffs' Amended Complaint at 1 and defendant's Answer to Amended Complaint at 1.

to sue letter on February 1, 2004. On April 26, 2004, Glass filed this lawsuit claiming, among other things, that he was terminated because of his race. Glass specifically sought relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*[2] In his complaint, Glass also listed Frank Mensah, who is a plaintiff on a separate case against RAC, as well as unnamed individuals – John Does and Jane Does – as co-plaintiffs and listed several individuals, in addition to RAC, as defendants. However, on August 31, 2004, Glass asked leave of court to amend his complaint. Glass specifically asked leave to delete plaintiff Frank Mensah and the individual defendants from the complaint. The court granted Glass' motion and he subsequently filed his amended complaint on November, 2, 2004. In his amended complaint, Glass kept John Does and Jane Does as co-plaintiffs, but listed RAC as the only defendant. On November 15, 2004, RAC filed this motion, pursuant to Fed. R. Civ. P. 12(c), seeking to dismiss the unnamed plaintiffs and their claims under 42 U.S.C. §2000e. On May 10, 2005, pursuant to a Joint Motion to Consolidate filed by the parties, the cases of Glass and Mensah against RAC were consolidated. See filing no. 80. For the reasons stated below, the court finds that RAC's Motion for Partial Judgment on the Pleadings, filing no. 53, should be granted.

Motion for Judgment on the pleadings under Fed. R. Civ. P. 12(c)

In considering a motion for judgment on the pleadings, under Fed. R. Civ. P. 12(c), courts construe the pleadings in the light most favorable to the non-moving party and view the facts alleged in the complaint as true. *See Hamm v. Groose,* 15 F.3d 110, 112 (8th Cir. 1994). Courts must also draw all reasonable inferences in the non-moving party's favor.

---

[2] Originally, Glass also sought relief under 42 U.S.C. §1985 and 18 U.S.C. §1951 *et seq.* Glass, however, amended his complaint and replaced that claim for one under 42 U.S.C. §1981.

*See United States v. Stoltz,* 327 F.3d 671, 674 (8th Cir. 2003). A claim should be dismissed only if it is clear that no relief can be granted under any set of facts that could be proved consistent with the allegations. *Hafley v. Lohman,* 90 F.3d 264, 266 (8th Cir. 1996); *Frey v. City of Herculaneum,* 44 F.3d 667, 671 (8th Cir. 1995) (citations omitted). Judgment on the pleadings is appropriate where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law. *See Faibisch v. University of Minnesota,* 304 F.3d 797, 802 (8th Cir. 2002).

Analysis

In this case, RAC argues that the Title VII claims of the unnamed plaintiffs, John Does and Jane Does, should be dismissed because they have failed to exhaust their administrative remedies as required under Title VII actions. RAC argues that these unnamed plaintiffs lack standing to bring a Title VII action. The court agrees.

Under Title VII, it is unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race." 42 U.S.C. §2000E-2(a)(1). Title VII, however, includes a mandatory exhaustion requirement that claims must first be presented to the NEOC before a plaintiff can sue in federal court. *See Williams v. Little Rock,* 21 F.2d 218, 222 (8th Cir. 1994). Receipt of a "right to sue" letter from the NEOC indicates that complainant, who subsequently brings a Title VII action, exhausted his or her administrative remedies. *Shannon v. Ford Motor Co.,* 72 F.3d 678, 684 (8th Cir. 1996); 42 U.S.C. §2000e *et seq.* Title VII claims of race discrimination are properly dismissed for failure to exhaust administrative remedies. *Williams,* 21 F.2d at 219.

Here, there is no indication that plaintiffs, John Does and Jane Does, have exhausted their administrative remedies, as required under Title VII. Nothing in the pleadings indicates that they filed a charge with the NEOC, or that they received a right to sue letter from the NEOC. There is no indication at all that they have complied with the mandatory exhaustion requirement of Title VII. As a result, their claim under Title VII fails as a matter of law. In this case, judgment on the pleadings is appropriate and defendant's motion will be granted.

Plaintiff Glass argues – without citing any case law – that RAC's motion should be denied because it is unnecessary for the court to determine whether plaintiffs, John Does and Jane Does, have complied with Title VII's requirement of filing a claim with the NEOC before they can proceed in federal court. Specifically, Glass states that "once the existence of whether there are any John Does or Jane Does occurs, then the next factual issue [for the court] will be whether they had sufficient facts from which a charge should have been earlier filed or whether they now will discover those facts from which to file a charge." *See* Glass' brief in opposition at 2. In other words, Glass wants the court to ignore the fact that a filing with the NEOC is a prerequisite to the commencement of a Title VII action. The court, however, cannot proceed in that manner. As previously stated, Title VII requires that plaintiffs exhaust their administrative remedies by first filing a claim with the NEOC. Without compliance with this requirement, plaintiffs have not exhausted their administrative remedies, and they cannot proceed in federal court. As the Eighth Circuit indicated "exhaustion of administrative remedies gives the plaintiff a green light to bring her employment-discrimination claim . . . in federal court." *See Shannon,* 72 F.3d at 684. Here, John Does and Jane Does have yet to get a green light to bring their Title VII action.

Consequently, their Title VII claim must be dismissed.

For the foregoing reasons, the court finds that the Title VII claims of the unnamed plaintiffs, John Does and Jane Does, fail as a matter of law. These unnamed plaintiffs have failed to exhaust their administrative remedies because they have not filed a claim with the NEOC, as is mandated by Title VII. Consequently, the court grants the defendant's Motion for Judgment on the Pleadings regarding the Title VII claims of John Does and Jane Does.

IT IS HEREBY ORDERED that the defendant's Motion for Partial Judgment on the pleadings (filing no. 53) is granted.

DATED this 8th day of September, 2005.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge