# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **FRANK MENSAH,** | ) | |
| | ) | **ORDER** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 8:03CV80 |
| | ) | |
| **RENT-A-CENTER, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| **TAJI GLASS,** | ) | |
| **JOHN DOES AND JANE DOES,** | ) | |
| | ) | |
| Plaintiffs, | ) | 8:04CV199 |
| | ) | |
| vs. | ) | |
| | ) | |
| **RENT A CENTER,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the defendant's Application for Attorneys' Fees (Filing No. 92 in case number 8:03CV80 and Filing No. 107 in case number 8:04CV199). The defendant attached exhibits to the application. The plaintiff Frank Mensah filed a response (Filing No. 105 in case number 8:03CV80) to the application. The defendant filed a brief (Filing No. 117 in case number 8:03CV80 and Filing No. 131 in case number 8:04CV199)) in reply.

In the May 16, 2005 order, the court granted the defendant's motion to compel (Filing No. 64)[1] supplementary responses to Interrogatory No. 1 and the plaintiff's Rule 26(a)(1) initial disclosures. The defendant's motion was denied with regard to the other discovery sought. The court allowed the plaintiff an opportunity to show cause why the defendant should not be

---

[1] All subsequent filing numbers will refer to only the filings in case 8:03CV80. The motion to compel was filed before consolidation of the cases and apply only to case 8:03CV80.

awarded reasonable costs and attorney's fees incurred in bringing this motion to compel, in accordance with Fed. R. Civ. P. 37(a)(4)(A).

In the defendant's motion to compel, the defendant sought an order compelling the plaintiff: (1) to serve the defendant with <u>verified</u> Answers to the defendant's first and second sets of interrogatories; (2) to supplement responses to Interrogatory Nos. 1(a), 1(b), 11 and 13; (3) to fully respond to Request for Production Nos. 4 and 39; and (4) to supplement the plaintiff's Fed. R. Civ. P. 26(a) initial disclosures or Rule 26(a)(3)(A) witness list. The defendant seeks attorney's fees in connection with the motion to compel. The plaintiff responded to the motion by stating he has complied with the defendant's discovery requests and the requirements of Rule 26. Specifically, the verification pages for the interrogatories were served on April 27, 2005, the same date as the plaintiff's response brief. **See** Filing No. 69. The plaintiff also stated he supplemented his responses to Interrogatory Nos. 11 and 13 by April 14, 2005, just after the motion to compel was filed. Additionally, the plaintiff stated he faxed a HIPAA-compliant medical records release by April 14, 2005, in response to Request for Production No. 39.

Pursuant to the strictures of Federal Rules of Civil Procedure 26(a)(1)(A) and 26(e), the court granted the defendant's motion to compel as to the information requested in Interrogatory No. 1 and with regard to witness lists insofar as the plaintiff was required to supplement their responses and provide any information related to the request that is in the plaintiff's possession or that comes into his possession, including address and telephone numbers for each individual listed, with the exception of employees and representatives of the defendant's who are currently represented by counsel and who should be contacted through counsel, as well as information concerning the subject on which each of these individuals has knowledge. Additionally, the plaintiff was required to provide brief descriptions, as sought in Interrogatory 1(b) for each listed witness, to the extent such descriptions have not already been provided to the defendant. However, the defendant's motion to compel additional discovery in response to Request for Production No. 4 was denied because the court was unable to determine what, if any, responsive document remained outstanding.

The plaintiff's failure to provide all the information mandated by Rule 26(a)(1)(A) and Rules 33 and 34 prompted the defendant to file the disputed motion to compel. The plaintiff had repeatedly failed to timely respond to discovery requests and attempts by defendant's counsel to either clarify or obtain discovery. Accordingly, the court required the plaintiff to show substantial and legal justification for the failure to provide timely discovery responses. **See** Fed. R. Civ. P. 37(a)(4)(A).

Federal Rule of Civil Procedure 37(a)(2)(A) provides that if a party fails to make the disclosures required under Rule 26(a), other parties may move to compel the disclosure and for appropriate sanctions. **See** Fed. R. Civ. P. 37(a)(2)(A). Furthermore, Rule 37(a)(4)(A) provides that if a motion to compel discovery is granted, or if requested discovery is provided after a motion to compel is filed, sanctions shall be awarded to the moving party absent a showing of good cause for the nondisclosure by the opposing party. **See** Fed. R. Civ. P. 37(a)(4)(A). "A district court has wide latitude in imposing sanctions for failure to comply with discovery[.]" *Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994). "Rule 37 sanctions are to be applied diligently." **In re *Stauffer Seeds, Inc.***, 817 F.2d 47, 49 (8th Cir. 1987). Where the producing party's actions necessitate the motion to compel, or where their objections and failure to respond are not substantially justified, an award of sanctions is appropriate. ***Starcher v. Corr. Med. Sys.*, Inc.**, 144 F.3d 418, 421-22 (6th Cir. 1998). Further, a party against whom a motion to compel is enforced may only avoid payment of sanctions by demonstrating that his position is substantially justified. ***Rickels v. City of South Bend***, 33 F.3d 785, 787 (7th Cir. 1994).

"[A] party may not avoid sanctions merely by producing the documents after a motion has been filed." ***Illinois Tool Works, Inc. v. Metro Mark Prods., Ltd.***, 43 F. Supp. 2d 951, 960 (N.D. Ill. 1999). "To allow a party to avoid sanctions by such a contrivance would defeat the purpose of the rules, which is to promote voluntary discovery without the need for motion practice." ***Illinois Tool***, 43 F. Supp. 2d at 960. Furthermore, "[u]ltimate production of the material in question does not absolve a party where it has failed to produce the material in a timely fashion." ***Id.***

3

In determining whether a party's refusal or failure to timely provide discovery responses is "substantially justified," as required under Rule 37(a)(4), the court looks to whether or not there was a good reason to withhold the discovery. One court has described "substantially justified" as follows.

> There is no bright line standard for "substantial justification," and courts must use discretion when deciding whether opposition to a motion to compel is substantially justified. "Whether opposition to a motion to compel is substantially justified depends on the circumstances of the particular case." However, courts have generally focused on "the quality of the justification and the genuineness of the dispute; where an impartial observer would agree that a party had good reason to withhold discovery," when determining whether opposition is substantially justified.

**Brown v. State of Iowa**, 152 F.R.D. 168, 173 (S.D. Iowa 1993) (internal citations omitted). The Advisory Committee Notes to the 1970 Amendments to Rule 37 indicate that, on many occasions, "the dispute over discovery between the parties is genuine, though ultimately resolved one way or the other by the court. In such cases, the losing party is substantially justified in carrying the matter to court." **See** Fed. R. Civ. P. 37(a)(4) Advisory Committee Notes (1970). "[T]he rules should deter the abuse implicit in carrying or forcing a discovery dispute to court when no genuine dispute exists." **Id.**

The plaintiff has been afforded an opportunity to be heard, in accordance with Rule 37(a)(4)(A). **See** Filing No. 76 (Mensah's response to show cause order). In his response, the plaintiff stated the defendant was not prejudiced by the plaintiff's actions because the defendant received all information known to the plaintiff at the time of the initial responses. Additionally, the plaintiff stated that although the interrogatories had not been "verified" the defendant deposed the plaintiff concerning the responses. Finally, the plaintiff stated he was under no obligation to produce some of the items requested in the motion to compel, which were produced after the motion was filed, or that he had produced some items before the motion was filed.

The court was not persuaded by the plaintiff's arguments. The plaintiff disregarded his duty under the rules and failed to provide substantial and legal justification for his actions of failing to provide timely responses to discovery and supplementation of disclosures. The

plaintiff's conduct required the defendant to file a motion to compel causing unnecessary expense and court intervention.  Under the circumstances, the court determined sanctions were appropriate, but an award of only one-half the defendant's reasonable expenses was warranted. Further, the court allowed the parties an opportunity to confer on the exact amount, however no agreement was reached.  The defendant then filed the instant motion for the court to determine the amount of the discovery sanction.  Filing No. 92).

The plaintiff makes several arguments based on the merits of the initial motion to compel and the court's decision to award sanctions under Rule 37(c), however the court will not reconsider its prior decisions.  The issue before the court is whether the requested fees are a reasonable sanction under the circumstances.

The defendant seeks an award of $3349.00, which it argues is one-half of the reasonable expenses incurred by the defendant due to the plaintiff's failure to cooperate with discovery and the necessity of the motion to compel.  The defendant lists several different attorneys at rates from $180 to $300 and administrative assistance at $100 per hour.  The defendant states the attorneys spent nearly thirty hours, including three hours related to the application for fees. Additionally, the administrative assistant spent over nine hours, including five related to the application for fees.

The plaintiff contends the application for fees is unreasonable because the number of hours spent is excessive, there are inappropriate charges for paralegal time and the defendant has failed to show how the hourly rates are fair and reasonable.  Additionally, the plaintiff argues the sanction award should not include time spent preparing the fee application.

The defendant responds the entries reflected in the attachment describe more activity in some instances than the time reflects because counsel decreased the actual time billed to include only time spent on the motion to compel, but no changes were made to the entry language. The defendant also states the fee application complies with the local rules, but the issue of reasonableness is solely for the court to determine.  The defendant's counsel shows the amount charged to the client, however does not otherwise specify how such amounts are reasonable based on the circumstances and complexity of the case.

In this case, the plaintiff continues to rely on the argument that the defendant did not suffer any prejudice due to the discovery problems. However, as noted in the original order the plaintiff served additional responses and complied with certain requests after the defendant filed the motion to compel. Thereafter only a few issues remained for the court to determine. The court acknowledges the defendant was not entirely successful on the motion to compel. The reason for the plaintiff's sanction is because the plaintiff's conduct, or that of counsel, necessitated the motion to compel. Without the motion to compel, it is unclear whether the plaintiff would have complied with the earlier and repeated attempts for discovery. Furthermore, the application of sanctions are mandatory under the rule unless the non-moving party shows good cause for the failure to comply with discovery, which the plaintiff failed to do. Therefore, based on the length and complexity of the defendant's motion to compel, the plaintiff's failures to comply with discovery until after the motion was filed and the necessity of court involvement, the court finds the requested attorney's fees are reasonable. The court has reviewed the fee application in light of the parties' arguments and finds the number of hours and hourly rates to be reasonable. Upon consideration,

**IT IS ORDERED:**

1. The defendant's Application for Attorneys' Fees (Filing No. 92 in case number 8:03CV80 and Filing No. 107 in case number 8:04CV199) is granted to the extent the defendant is awarded reasonable attorney's fees of $3349.00.

2. The plaintiff shall pay reasonable attorney's fees to the defendant incurred in regard to the defendant's motion to compel in the amount of **$3349.00**.

3. The Clerk shall, at the time of entry of judgment in this case, make this award a part of the judgment entered, unless before that time the parties certify that the amount awarded has been paid satisfied.

**ADMONITION**

Pursuant to NECivR 72.2 any appeal of this Order shall be filed with the Clerk of the Court within ten (10) days after being served with a copy of this Order. Failure to timely

appeal may constitute a waiver of any objection to the Order. The brief in support of any appeal shall be filed at the time of filing such appeal. Failure to file a brief in support of any appeal may be deemed an abandonment of the appeal.

Dated this 28th day of October, 2005.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge